No. 92-037

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

N. DALE HERREID and MARLENE A.
HERREID, Husband and Wife,

      Plaintiffs and Appellants

-vs-

CLIFFORD S. HAUCK and SANDRA K.
HAUCK, Husband and Wife,

      Defendants and Respondents.

FILED

OCT 15 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and for the County of Lincoln,
                The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Lawrence H. Sverdrup, Sverdrup & Barnes, Libby,
          Montana

      For Respondents:

          David W. Harman, Attorney at Law, Libby, Montana

Submitted on Briefs:  April 2, 1992

Decided:  October 15, 1992

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants brought this action in the Nineteenth Judicial District Court, Lincoln County, to quiet title to a portion of Spruce Street which had been vacated by the City of Libby and Lincoln County. The District Court held that the Herreids were the owners of the south half of the vacated street and that the Haucks were the owners of the portion of the north half of the vacated street which abutted their property.

We affirm.

Appellants raise two issues for our consideration:

1. Does § 76-3-305, MCA, require that a vacated street revert to the adjacent property owner within the subdivision?

2. Does a vacated street which was a "right of use" only revert to the successors of the grantor of the "right of use"?

Additionally, respondents cross-appealed with the issue of whether they obtained ownership of the disputed property through adverse possession or prescriptive easement. However, the District Court did not address this issue in its order, and therefore, the issue will not be discussed in this opinion.

On April 18, 1952, George Hennessy executed a quitclaim deed to Lincoln County covering the vacated property. Lincoln County appeared in this action and disclaimed any ownership interest in the vacated property. All of such property was annexed by the City of Libby on October 2, 1967.

2

The property in dispute is a portion of a 30-foot wide strip of Spruce Street that was vacated by the City of Libby pursuant to Ordinance 985 on October 3, 1977, abutting in part the real property of the respondents on the north and the real property of the appellants on the south, as shown below.



Since 1977, no one has paid property taxes on the abandoned portion of the Spruce Street strip, nor has the county assessed any property taxes since 1977 because the property has been listed as "exempt" for county and state property taxation.

In 1977, the City of Libby assessed the vacated Spruce Street property for lighting, road maintenance, and sprinkling. The city special assessments have been forwarded to the County Treasurer and placed on the real property tax rolls continuously since 1977. The

3

method of the assessment by the City of Libby was to divide the vacated Spruce Street in half. The appellants were assessed on a square footage basis for the entire south 15 feet of the vacated street. Respondents and their neighbors have been assessed for the north one-half of the vacated street. Respondents have been assessed for the north one-half of the vacated street that extends beyond their east boundary. Respondents have paid their assessments to the City of Libby.

By stipulation, respondents have abandoned any claim to the following described property:

> All that portion of vacated Spruce Street lying East of the following described line: Commencing at the South East corner of Lot 2, Block 4, Frary and Olson Addition to Libby Montana, thence south on a line parallel to the East line of Section 9, Township 30 North, Range 31 West P.M.M. a distance of 15 feet, more or less, to a point on the center line of Spruce Street vacated by the city of Libby pursuant to Ordinance 985 on October 3, 1977.

With these findings of fact, the District Court ruled that the quitclaim deed executed by George Hennessy on April 18, 1952, was a grant of use and not a grant of title to the land. In addition, the District Court held that the fee in Spruce Street reverted to the abutting landowners, with each abutting landowner taking from the edge of his or her property to the center of the street. It is from this order that appellants appeal.

Does § 76-3-305, MCA, require that a vacated street revert to the adjacent property owner within the subdivision?

4

Appellants argue that because they are the only abutting landowners from the original plat, the entire abandoned street reverts to them pursuant to § 76-3-305, MCA. Section 76-3-305(1), MCA, states in pertinent part:

> Any plat prepared and recorded as herein provided may be vacated either in whole or in part as provided by 7-5-2501, 7-5-2502, subsections (1) and (2) of 7-14-2616, 7-14-2617, subsections (1) and (2) of 7-14-4114, and 7-14-4115, and upon such vacation the title to the streets and alleys of such vacated portions to the center thereof shall revert to the owners of the properties within the platted area adjacent to such vacated portions.

We agree with the District Court that the statute is clearly dispositive as to the southern half of Spruce Street but does not deal directly with the disposition of the northern half of the street which abuts another subdivision. Because respondents' property is not located within the Hennessy Plat nor the Amended Hennessy Plat, respondents would take nothing under § 76-3-305, MCA. There are, however, some statutes and case law which will serve as light posts down this dark abandoned road.

We have stated that:

> A highway which is lawfully vacated or abandoned ceases to be a highway and, insofar as the public has a mere easement of way, the title reverts to the owners of the fee discharged from the servitude.

Bailey v. Ravalli County (1982), 201 Mont. 138, 146, 653 P.2d 139, 143.

Section 70-16-202, MCA, states that an owner whose land is bounded by a road is presumed to own to the center of the road

5

unless the contrary is shown. In addition, § 70-20-307, MCA, explains that:

> A transfer of land bounded by a highway passes the title of the person whose estate is transferred to the soil of the highway in front of the center thereof unless a different intent appears from the grant.

This Court interpreted the above statutes to mean that a boundary to and with the side of a street carries the fee to the center of the street unless a contrary intent appears from the deed. This Court also held that:

> [U]pon abandonment that the fee in the street reverts to the abutting landowners, with each abutting landowner taking fee from the edge of his or her property to the center of the street.

Bailey, 653 P.2d at 143.

Although the quitclaim deed executed by George Hennessy denominated four strips of property, including the vacated street, as "right-of-way land" to Lincoln County, the deed is a normal quitclaim deed with the clear intent to transfer all right, title, and interest in the property to the county. When the county disclaimed any interest in the property, the abandonment of the street by the city was sufficient to transfer title to the abutting landowners. Therefore, we hold that the District Court did not err in ruling that upon the City of Libby's abandonment of Spruce Street, that the fee in the street reverted to the abutting landowners, with each landowner taking fee from the edge of their property to the center of the street.

6

We need not discuss the second issue because of our holding above.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

7

October 15, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Lawrence H. Sverdrup
Sverdrup & Barnes
503 California Ave.
Libby, MT  59923

David W. Harman
Attorney at Law
120 W. Sixth St.
Libby, MT  59923

Scott B. Spencer
Lincoln County Attorney
512 California Ave.
Libby, MT  59923

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy